IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT JAMES SWINT,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:21-cv-00372

ROBERT R. REDFIELD, et al.,

        Defendants.

### PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) Before this Court is the complaint filed by Plaintiff Robert James Swint ("Plaintiff"). (ECF No. 1.) For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

####     I.     BACKGROUND

This action is one of several with similarly nonsensical allegations that Plaintiff has filed in federal courts across the country. *See, e.g.*, *Swint v. Mueller*, No. 21-cv-382 MV-JFR, 2021 WL 2822601 (D.N.M. July 7, 2021); *Swint v. Dep't of Justice*, No. 21-3157-SAC, 2021 WL 2822543 (D. Kan. July 7, 2021); *Swint v. Int'l Paper Co.*, No. 3:21-cv-00140-SLG, 2021 WL 2785322 (D. Alaska July 2, 2021); *Swint v. Bush Boake Allen, Inc.*, No. 21-6182(SDW)(AME), 2021 WL 1986458 (D.N.J. May 17, 2021); *Swint v. Roberts*, No. 3:21-cv-5283-BHS, 2021 WL 2873804 (W.D. Wash. May 14, 2021), *adopted by* 2021 WL

2856599 (W.D. Wash. July 8, 2021); *Swint v. FBI*, No. 21-1145 (UNA), 2021 WL 1734904 (D.D.C. May 3, 2021); *Swint v. Tenn. Valley Auth.*, No. 21-cv-2194-TLP-tmp, 2021 WL 2546743 (W.D. Tenn. Apr. 29, 2021), *adopted by* 2021 WL 2545466 (W.D. Tenn. June 21, 2021); *Swint v. Bush Roanoke*, No. 3:21-cv-00156-CL, 2021 WL 372895 (D. Ore. Feb. 26, 2021).

In the complaint filed in this case, Plaintiff purports to allege claims for "discrimination and unlawful character impersonation" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (ECF No. 1.) In its entirety, the "Facts" section of the complaint reads,

> Veritiv is the United States underground service hidden under the International Paper Corporation company, formerly known as xpedx, then renamed to ResourceNet, and finally to Veritiv, and if you watch NCIS, you will see there [sic] program is Veritas, verifying ID's [sic] in the cover for the Real ID Act, or COVID, DOC's IV, or the end of DOC. 6:18, Robert Brewster is a combination, #6 FBI, Robert S. Mueller III, and #18 CDC, Robert R. Redfeild [sic], to form Robert J. Bell or the reflection of the Pope, the AntiChrist, Mr. Roger J. Stone, Trumps [sic] best friend.

(*Id.*) Plaintiff demands $6.2 billion in damages. (*Id.*)

## II. LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint

filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). In general, "a complaint 'is frivolous where it lacks an arguable basis either in law or in fact.'" *Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). But this Court must "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing on the frivolity of a claim." *Id.* at 257.

When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court

construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

Plaintiff's complaint is patently frivolous. He makes no effort to tie his disjointed allegations to the defendants or to each other, nor does he explain how those allegations constitute a violation of the federal law he references. (ECF No. 1.) Further, he fails to state how any of his assertions involve injury to him personally, as is required for him to have standing to bring a claim. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992))). The complaint's allegations also do not appear to be connected in any way to the Southern District of West Virginia, such that it is not a proper venue for this action. *See* 28 U.S.C. § 1391(b) (providing that venue may lie in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; "in which a substantial part of the events or omissions giving rise to the claim occurred"; or "in which any defendant is subject to the court's personal jurisdiction with respect to [the] action"); *id*. § 1391(e)(1) (providing that in action against "offer or employee of the United States" may also be brought where "the plaintiff resides").

### IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's complaint (ECF No. 1) be **DISMISSED** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to Chief Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

ENTER:   July 15, 2021

Dwane L. Tinsley
United States Magistrate Judge