**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ROBERT JAMES SWINT,

                Plaintiff,

v.                                CIVIL ACTION NO.  2:21-cv-00372

ROBERT R. REDFIELD, et al.,

                Defendants.

**ORDER**

By standing order entered January 4, 2016, and filed in this case on June 28, 2021, (ECF No. 2), this action was referred to United State Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  Magistrate Judge Tinsley filed his PF&R on July 15, 2021, recommending that Plaintiff's complaint be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  (ECF No. 6.)

This Court is not required to review, under a *de novo* or any other standard, the factual and legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific

1

error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due August 2, 2021.  (ECF No. 6.)  To date, Plaintiff has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.  The Court notes that Plaintiff has also seemingly failed to maintain his current address with the clerk as the PF&R, which was sent to Plaintiff at his address on record, was returned as undeliverable.  (*See* ECF No. 7.)  Per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number."  The fact that the PF&R mailed to Plaintiff was returned as undeliverable due to Plaintiff's failure to maintain his current address with the clerk does not impact the Court's review and analysis of the PF&R and does not provide Plaintiff with an avenue to object to the PF&R after the August 2, 2021 deadline.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 6), and **DISMISSES** this action **WITHOUT PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

2

ENTER:      September 14, 2021

_____

THOMAS E. JOHNSTON, CHIEF JUDGE